**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**IN RE:** **CASE NO. 12-30555**
**MABIRE, MICHAEL ERIC** **CHAPTER 7**

**Debtor(s).**

____________________________________/

**CHAPTER 7 TRUSTEE'S OBJECTION TO EXEMPTION of $2330 in REAL ESTATE TAX REFUNDS**

Chapter 7 Trustee, Karin A. Garvin, objects to the Exemption as to the following assets, for the reasons stated below:

1. The Debtor filed his Chapter 7 bankruptcy case on April 19, 2012.

2. The Debtor did not list any Real Estate Tax Refunds, anticipated, contingent or otherwise in his original schedules, even though Debtor knew the refunds were due him at the time he filed his Chapter 7 bankruptcy.

3. On May 23, 2013, the Trustee was made aware that the Debtor personally received two checks on May 22, 2013 payable to him for real property tax refunds from the Escambia County Tax Collector. One check was in the amount of $3,093.08 and the second check was in the amount of $7,479.65 for a total of $10,572.73.

4. Trustee informed Debtor's counsel by email on May 23, 2013, the same day that she learned of the Debtor's receipt of estate property that $10,572.73 should be turned over to the Trustee.

5. On May 28, 2013, Debtor filed an Amended Schedule B listing Real Estate Tax Refunds in the amount of $10, 572.73. The Debtor exempted $2,330.00 of the $10,572.73 real estate tax refund on his Amended Schedule C pursuant to Fla. Stat. §222.25(4) on May 28th as well.

6. Debtor did not list the real estate tax refund on his original schedules although it is clear that Debtor knew the real estate tax refunds were due to him prior to his filing as evidenced by his vigorous collection efforts in the several months just prior to his Chapter 7 bankruptcy filing.

7. Debtor's bad faith in failing to disclose the real estate tax refunds known to him at the time he filed his Chapter 7 case should not be rewarded by allowing him to exempt any portion of those same real estate tax refunds.

WHEREFORE, the Trustee prays for an order sustaining her Objection to Debtor's claim of exemption of $2330.00 in the Real Estate Tax Refunds .

/s/ Karin A Garvin_______________________
KARIN A. GARVIN, TRUSTEE
Florida Bar No. 0106933
1801 W. Garden Street
Pensacola, FL 32502
850-437-5577/850-437-5250 facsimile
trustee@kgarvinlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing objection by Trustee to debtor's claims of exempt property has been served via the Court's CM/ECF system on Amy Logan Sliva, Esq., 313 W. Gregory Street, Pensacola, FL 32502 and Charles F. Edwards, Esq., Office of the U. S. Trustee, 110 East Park Avenue, Suite 128, Tallahassee, FL 32301on the date this document was filed with the Court. *Note: for verification of the date of service, please check the docket entry for this document.*

_/s/ Karin A Garvin____________________
KARIN A. GARVIN